IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Rebeca Kanakis, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC and Bank of America, N.A., | **JURY TRIAL DEMAND** |
| Defendants. | |

NOW COMES THE PLAINTIFF, REBECA KANAKIS, BY AND THROUGH

COUNSEL, , and for her Complaint against the Defendants, pleads as follows:

## **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting

   Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

**VENUE**

3. The transactions and occurrences which give rise to this action occurred in the City of Plantation, Broward County, Florida.

4. Venue is proper in the Southern District of Florida.

**PARTIES**

5. Plaintiff is a natural person residing in Plantation, Broward County, Florida.

6. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax") which is a foreign limited liability company that maintains a registered agent in Leon County, Florida; and

    b. Bank of America, N.A. ("Bank of America") which is a national banking association that maintains a registered agent in Broward County, Florida.

**GENERAL ALLEGATIONS**

7. Bank of America is incorrectly reporting its trade line ("Errant Trade Line") on Plaintiff's Equifax credit file with late payments and delinquent remarks.

8. The Errant Trade Line should not report on Ms. Kanakis' credit file, as she is only an authorized user and is not liable on the account that is the subject of the Errant Trade Line.

2

9. In August 2017, Ms. Kanakis discovered the Errant Trade Line on her credit reports.

10. On or about September 20, 2017, Ms. Kanakis submitted a letter to Equifax requesting that the credit bureaus remove the Errant Trade Line from her credit files.

11. Upon information and belief, Equifax forwarded Ms. Kanakis' consumer dispute to Bank of America.

12. On or about October 23, 2017, Ms. Kanakis received Equifax's investigation results, which showed that the Errant Trade Line was retained with late payments and delinquent remarks.

13. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in her credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

**COUNT I**

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BANK OF AMERICA

14. Plaintiff realleges the above paragraphs as if recited verbatim.

15. After being informed by Equifax of Ms. Kanakis' consumer dispute of the of the Errant Trade Line, Bank of America negligently failed to conduct a proper investigation of Mrs. Kanakis' dispute as required by 15 USC 1681s-2(b).

16. Bank of America negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b), and failed to direct Equifax to remove the late payments and delinquent remarks from the Errant Trade Line.

17. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Kanakis' consumer credit file with Equifax to which it is reporting such trade line.

18. As a direct and proximate cause of Bank of America's negligent failure to perform its duties under the FCRA, Ms. Kanakis has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

19. Bank of America is liable to Ms. Kanakis by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

20. Ms. Kanakis has a private right of action to assert claims against Bank of America arising under 15 USC 1681s-2(b).

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Bank of America for damages, costs, interest, and attorneys' fees.

## <u>COUNT II</u>

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BANK OF AMERICA

21. Plaintiff realleges the above paragraphs as if recited verbatim.

22. After being informed by Equifax that Ms. Kanakis disputed the accuracy of the information it was providing, Bank of America willfully failed to conduct a proper reinvestigation of Ms. Kanakis' dispute, and willfully failed to direct Equifax to remove the late payments and delinquent remarks from the Errant Trade Line.

23. Bank of America willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

24. As a direct and proximate cause of Bank of America's willful failure to perform its duties under the FCRA, Ms. Kanakis has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

25. Bank of America is liable to Ms. Kanakis for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

5

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Bank of America for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

26. Plaintiff realleges the above paragraphs as if recited verbatim.

27. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Kanakis as that term is defined in 15 USC 1681a.

28. Such reports contained information about Ms. Kanakis that was false, misleading, and inaccurate.

29. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Kanakis, in violation of 15 USC 1681e(b).

30. After receiving Ms. Kanakis' consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

31. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Ms. Kanakis has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

6

32. Equifax is liable to Ms. Kanakis by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

<u>COUNT IV</u>

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
BY EQUIFAX**

33. Plaintiff realleges the above paragraphs as if recited verbatim.

34. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Kanakis as that term is defined in 15 USC 1681a.

35. Such reports contained information about Ms. Kanakis that was false, misleading, and inaccurate.

36. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Kanakis, in violation of 15 USC 1681e(b).

37. After receiving Ms. Kanakis' consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

7

38. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Ms. Kanakis has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

39. Equifax is liable to Ms. Kanakis by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: November 24, 2017

By: _/s/ Dawn Myers_
Dawn Myers, Esq.
Fla. Bar No. 711381
Myers Law, P.A.
3419 Brook Crossing Drive
Brandon, FL 33511
Telephone No. 813-493-3296
Fax: 813-434-2302
Email: dawn@myerslawpa.com
Attorneys for Plaintiff,
 Rebeca Kanakis

8